The last case on for argument today and the last case on the calendar is Boley v. Durets. We'll just let the people move around a little bit, then we'll give you our full attention, Mr. Boley. Good morning, Your Honors. Robert Boley, pro se. At this time, I feel this case is a very important precedent-setting case, and I will ask the Court for an additional two minutes to properly argue this matter. Well, why don't you go along until the red light comes on, so we'll just do the best you can with the five minutes that you've got. Thank you. With this Court's permission, I will be referring to the NYPD officer who filled out the related arrest paperwork and then testified against me at my criminal trial as Officer Singh. Mr. Boley, when you tap the thing, it may be hard for Judge Walker to hear, and he has to pick up everything, and I'm having a little difficulty myself. Can I start again? No, just keep on going, but don't tap the podium, please. I will be referring to the officer as Officer Singh, short for his last name, which I find hard to pronounce at this time. For reference purposes, I have with me today 17 daily news articles relating to police misconduct from the Commissioner down, 10 daily news articles relating to prosecutorial misconduct, and 3 daily news articles relating to the NYPD's bad DNA diagnostic methods and the potential false convictions which may then come about. I was not convicted of a crime, and yet the NYPD is in possession of my DNA sample in violation of my due process rights. This is the reason for me moving upstate three years ago. My standing in this case rises from this act of unconstitutional policing. My son's standing in this case rises from the fact that his $144 has never been returned to him, as per Court Exhibit 1, page 270. But you're not representing your son in this matter, correct? No, but he does have standing. Well, okay. So why don't you focus on what you are permitted to talk about. Thank you. Please. Today I stand before you so as to be able to put these questions to this court. Can justice now be served if the NYPD is allowed to use the non-physical paperwork-only arrest procedure and thereby prevent the responsibility for any and all false arrests from ever falling upon the shoulders of the bad cops? Will the NYPD now be found not to be liable for my false arrest only because the name of the NYPD officer who physically placed the handcuffs upon me on 8-23-09 remains unknown to all at this time? This problem laid buried, unspoken for many years in the minds of the members of the NYPD, and this matter must now be put to a jury so as the people can decide whether or not the non-physical paperwork-only arrest procedure is acceptable. The idea of this matter not being allowed to move forward to a trial at this time, I can no way understand. Officer Singh's involvement in my false arrest goes no further than the fact that he only filled out the related arrest paperwork, as per his deposition, Exhibit B. Both the science and practice of law demand that this matter now be allowed to move forward to a trial so as then to be able to properly deal with the many unanswered and unsettling questions that now need their answers, as per Singh's deposition given on January 12, 2015, Exhibit B. Number one, quote, the arresting officer is not always the one who placed the handcuffs on the defendant, end quote, page 59. Number two, quote, the arresting officer puts the pedigree information into the arrest online complaint sheet and prepares all paperwork for the arrest, end quote, page 58. Number three, quote, Sergeant Duretz authorized my arrest, end quote, page 57. Number four, quote, Officer Singh did not observe the robbery, end quote, page 4244. Number five, Officer Singh, quote, does not recall, end quote, the following. A, placing the handcuffs on me, page 58, 62, 63. B, who brought me back to the station house, page 64. C, transporting me to any location after I was at the precinct, page 67. D, who made the identification of me at the scene. Mr. Bolli, I want to assure you that all three of us have read your papers that you have filed. And you're just about out of time, so if you have a little summary argument that you would like to make, now would be the time to do that. Okay, because this matter is now a very important precedent-setting case that challenges the unconstitutional policing procedure of the non-paperwork, only arrests, I'm asking this court to reverse the district court's decision and allow this matter to move forward to a trial as soon as possible in the interest of justice and common sense. I'm asking this court to take a stand and put in place a guardrail against this form of unconstitutional policing and thereby protect the due process rights of all the people now living within New York City. The non-physical paperwork only arrest procedure, which is now being used by the NYPD, and at this time is found to be acceptable by the city's attorneys, is nothing less than a slippery slope, which must, for once and for all, be done away with so as to prevent this violation of constitutional rights from ever again happening. To the citizens of New York City and the members of the NYPD, my opponent's position is based totally upon unconstitutional policing. Thank you very much. You can have a seat right there beside the podium. Good morning, Your Honors. May it please the court, my name is Diana Lawless. Press the button to your right. Go along to the right on the podium. Sorry. Sorry about that, Your Honor. No, no, no, no problem. I think I'm good. Is that a good level? I think so. All right, thank you, Your Honor. Good morning, Your Honors. May it please the court, my name is Diana Lawless. I appear on behalf of the appellee police officers in this case. The district court appropriately granted summary judgment to the defendants on the malicious prosecution and false arrest claims here. The plaintiff's theory has been that the individual defendant officers did not arrest him or initiate his prosecution. As a result, the district court properly found that they are not personally liable for the claims at issue. In any event, the undisputed facts show that there's probable cause to arrest the plaintiff to defeat the false arrest claim. And for malicious prosecution purposes, the probable cause did not dissipate during the prosecution and the subsequent grand jury indictment separately create a presumption of probable cause, which the plaintiff has not rebutted. And to the extent that the plaintiff has attempted to defeat probable cause with the officer's grand jury testimony, that testimony is protected by absolute immunity. So, Your Honors, we would ask that this court affirm the district court's opinion. Thank you. Thank you, Your Honors. Thank you. We have your arguments. And as I said, Mr. Boley, we have and will continue to study your paper. So, thank you both. We'll reserve decision and get you an answer in due course. Cases that are before us today having been argued, I'll ask the clerk please to adjourn court. Court is adjourned.